In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00009-CV**
_____

**MIDANI, HINKLE & COLE, LLP, DAVID HUTCHINS, MARK O. MIDANI AND HOWRY, BREEN & HERMAN, LLP, Appellant**

**V.**

**ELIZABETH SMITH, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-197,802**

**ORDER**

Midani, Hinkle & Cole, LLP and Mark O. Midani, Appellants, filed a motion to vacate or, in the alternative, to stay the trial court's order of contempt, requiring payment of costs, because the trial court signed the order after the underlying judgment was superseded.

The appellee, Elizabeth Smith, requested post-judgment discovery from Mark O. Midani. Midani objected on the ground that the judgment would be superseded.

Smith moved to compel post-judgment discovery responses. On February 13, 2018, the trial court ordered Midani and Midani, Hinkle and Cole, LLP to respond to Smith's post-judgment discovery by February 21, 2018, unless a valid supersedeas bond was made by that date. A supersedeas bond was signed on February 21, 2018 and filed on February 23, 2018. On February 28, 2018, Midani filed a motion to stay execution. On March 6, 2018, the trial court held Midani and Midani, Hinkle and Cole, LLP in contempt and ordered them to pay to Smith's counsel $2,250.00 by March 16, 2018 as costs related to the motion to compel.

Enforcement of a judgment must be suspended if the judgment is superseded. Tex. R. App. P. 24.1(f). A party may seek appellate review of the trial court's determination whether to permit suspension of enforcement by filing a motion with the appellate court. *See* Tex. R. App. P. 24.4(a)(1). The appellate court may issue temporary orders necessary to preserve the parties' rights. *See* Tex. R. App. P. 24.4(c).

The Court finds that the judgment has been superseded. Therefore, all enforcement must cease. *See* Tex. R. App. P. 24.1(f). It is, therefore, ORDERED that the trial court's order of March 6, 2018, which held Appellants in contempt and required them to pay $2,250.00 to Smith's attorney, and the trial court's order of

February 13, 2018, which compelled Appellants to respond to post-judgment discovery, are STAYED until our mandate issues or until further order of this Court.

ORDER ENTERED March 14, 2018.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.